```
UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF TEXAS
    CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| **ELISEO CASTILLO,** | § § § | |
| *Plaintiff,* | § § § | Civil Action No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| **WALMART, INC.** | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Plaintiff Eliseo Castillo ("Castillo" or "Plaintiff") comes now and files his Original Complaint, complaining of Walmart, Inc. ("Walmart" or "Defendant") and would show:

### I.
### OVERVIEW

1. This is a case of retaliation brought pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*, and the Texas Labor Code, Chapter 21.

2. Defendant is an international grocery and retail company, doing business in the United States (and in Texas) as Walmart, Inc.

3. Defendant employed Plaintiff as an overnight stocker from approximately February of 2022, until June 11, 2022, at Defendant's 1821 South Padre Island Drive location in Corpus Christi, Texas.

4. On May 12, 2022, Mr. Castillo was sexually harassed by a Walmart, Inc. overnight stocker, Esparanza Mesa.

5. Mr. Castillo reported the sexual harassment to a Walmart supervisor or, "coach", named Joaquin on May 13, 2022.

6. On June 11, 2022, less than one month after Mr. Castillo reported the harassment, he was terminated by Defendant.

7. Plaintiff seeks to recover compensatory and putative damages from Defendant's unlawful acts, and all statutory damages relating to Plaintiff's Federal and Texas state law claim. Plaintiff also seeks injunctive and equitable relief.

## II.
## THE PARTIES

8. Plaintiff Eliseo Castillo was an employee of Defendant Walmart, Inc. and at the time his cause of action accrued, worked for Defendant in Corpus Christi, Texas.

9. Defendant Walmart, Inc. is a Foreign for-profit corporation, licensed to and doing business in Texas, and can be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

10. This action is brought pursuant to Title VII, 42 U.S.C. §§ 2000e, *et seq.*, and the Texas Commission on Human Rights Act, codified under the Texas Labor Code §§ 21.001, *et. seq.*

11. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's Texas state-law claim pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendant because the cause of action arose within this District and Division as a result of Defendant's conduct within this District and Division.

13. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Plaintiff's claim occurred within this District and Division.

## IV.
## CONDITIONS PRECEDENT AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. On or about September 20, 2022, Plaintiff filed a charge of retaliation against Defendant, Charge Number 451-2022-03682, with the Equal Employment Opportunity Commission ("EEOC").

15. On December 17, 2022, the EEOC issued a Notice of Right to Sue in this matter.

16. Plaintiff filed his Complaint within 90 days of receipt of the Right to Sue issued by the EEOC.

17. All conditions precedent for the maintenance of this action have been met. Plaintiff has exhausted his administrative remedies under State and Federal law.

## V.
## ADDITIONAL FACTS

18. Upon information and belief, at all times relevant to this suit Walmart, Inc. has had more than 500 employees.

19. Plaintiff worked for Walmart, Inc. from approximately, February of 2022, when he was hired as a night stocker for Defendant's location at 1821 South Padre Island Drive, Corpus Christi, Texas, 78416, until his termination on June 11, 2022.

20. Walmart utilizes a "points" based system for keeping track of employee absences.

21. Once an employee accumulates five (5) or more points, that employee is subject to potential termination.

22. On May 12, 2022, Mr. Castillo was inside the family restroom when a female coworker named Esperanza Mesa entered the same restroom.

23. Ms. Mesa, who is also a night stocker, began to undress in his presence while making eye contact with Mr. Castillo after which Mr. Castillo asked her to leave.

24. Ms. Mesa did not leave the restroom upon Mr. Castillo's request; instead, Mr. Castillo left the restroom.

25. Mr. Castillo reported the sexual harassment the next day, May 13, 2022, to Walmart's morning shift coaches.

26. Walmart's morning shift coaches told Mr. Castillo that they could not assist him regarding his report of sexual harassment and advised him to report it to the Walmart coaches that supervise his shift.

27. Mr. Castillo reported the matter to Joaquin (last name unknown), one of the supervisors, later that same day when he arrived for his night shift.

28. Walmart failed to investigate the complained of conduct during Mr. Castillo's employment.

29. When Mr. Castillo reported the sexual harassment on May 13, 2022, he had no more than four and one half (4 ½) points under Walmart's attendance system.

30. On June 11, 2022, Mr. Castillo's employment with Walmart was terminated due to his allegedly exceeding five (5) attendance points.

31. Mr. Castillo had no absences or tardies between the date on which he reported the sexual harassment and the date on which he was terminated that would account for the point increase.

32. Walmart terminated Plaintiff because he opposed sexual harassment in the workplace.

## VI.
## CAUSES OF ACTION

### COUNT ONE
### (Retaliation for Opposing Discrimination)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. During his employment with Defendant, Plaintiff opposed an act or practice made unlawful by 42 U.S.C. § 2000e *et seq*.

35. Specifically, Plaintiff opposed sexual harassment in the workplace.

36. As described above, after Plaintiff complained to Defendant about the unlawful sexual harassment Defendant retaliated against him and ultimately terminated him in violation of 42 U.S.C. § 2000e *et seq.*

37. Plaintiff was retaliated against because he opposed an act or practice made unlawful by the applicable laws and thus, Plaintiff was entitled to the anti-retaliation protections of 42 U.S.C. § 2000e *et seq.*

38. Because of Defendant's retaliation, Plaintiff was damaged and continues to be damaged.

39. Plaintiff suffered an adverse, tangible employment action.

40. It is unlawful for an employer to retaliate against an employee for such reasons.

41. There is direct evidence of retaliation in this case.

42. Alternatively, Defendant's reason(s) for the discharge is false and is instead a pretext for retaliation.

43. As stated above, Plaintiff's actions, including reporting Defendant's unlawful sexual harassment, were the "but for" cause of his termination.

44. As a result of Defendant's discrimination, Plaintiff has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain and mental anguish in the past, which in all probability he will continue to experience in the future.

## COUNT TWO
### (Alleging Violation of the Texas Labor Code)

45. All previous paragraphs are incorporated as though fully set forth herein.

46. Defendant was an employer and Plaintiff was an employee as those terms are defined under Chapter 21 of the Texas Labor Code.

47. At all times subject to this complaint, Defendant has had more than 15 employees.

48. Plaintiff opposed a discriminatory and unlawful employment practice of Defendant, namely sexual harassment.

49. As a direct result of Plaintiff's opposition to Plaintiff being sexually harassed, Defendant retaliated against Plaintiff by terminating his employment.

50. Plaintiff was harmed by Defendant's termination.

51. Defendant's practices were not justified for any reason, including on the basis of business necessity.

52. As stated, all jurisdictional prerequisites for the filing of this Complaint have been met.

## VII.
## DAMAGES

53. As a direct and proximate result of the wrongful acts and/or omissions of Defendant, Plaintiff has suffered damages, including but not limited to past and future:

   a. Pecuniary loss;

   b. Lost wages, salaries, and/or other benefits;

   c. Lost earning capacity;

   d. Loss of benefits;

   e. Loss of use

   f. Back pay;

   g. Interest on back pay;

   h. Front pay;

   i. Out of pocket expenses;

   j. Mental anguish damages;

   k. Emotional pain and suffering;

   l. Loss of enjoyment of life and/or physical impairment;

   m. Inconvenience;

n.  Other non-pecuniary loss;

o.  Compensatory damages;

p.  Actual monetary losses;

q.  Liquidated and/or statutory damages;

r.  Pre and post judgment interest;

s.  Other interest allowed by law;

t.  Costs of court;

u.  Legal expenses, expert fees, and attorneys' fees pursuant to Title VII (including but not limited to 42 U.S.C. § 2000e-5(k))

## VIII.
## INJUNCTIVE AND EQUITABLE RELIEF

54.  Plaintiff is entitled to injunctive and equitable relief pursuant to law. Plaintiff requests the court provide equitable and injunctive relief including but not limited to: front pay, an injunction prohibiting Defendant from engaging in the unlawful employment practices alleged in this complaint, reinstatement, restoration of benefits, make-whole remedies and other equitable relief

## XI.
## PRAYER

Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing he recover judgment against the Defendant for the following:

a.  All actual damages resulting from Defendant's acts and/or omissions;

b.  All statutory and/or liquidated damages allowed by law;

c.  Equitable relief including, but not limited to, injunctive relief;

d.  Legal expenses, expert fees and attorney's fees through trial, appeal and review by the Supreme Court of the United States;

e.  Costs of court;

f. Pre and post judgment interest at the maximum rate allowed by law; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 8, 2023

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Locke Henry**
Federal I.D. No. 3662374
Texas Bar No. 24118408
Locke@a2xlaw.com
101 N. Shoreline Blvd, Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiffs and the Putative Class Members***